IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JANELLE M. HAYES McALPINE,

                Plaintiff,

                                                             Civil Action No.
      v.                                                  5:10-cv-0817 (GTS/DEP)

MICHAEL ASTRUE, Commissioner of Social
Security,

                Defendant.

_____

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFF:

OLINSKY & SHURTLIFF LAW FIRM      JAYA A. SHURTLIFF, ESQ.
300 S. State St., Ste. 520
Syracuse, NY 13202

FOR DEFENDANT:

HON. RICHARD HARTUNIAN
United States Attorney
Northern District of New York
Post Office Box 7198
100 South Clinton St.
Syracuse, NY 13261

SOCIAL SECURITY ADMINISTRATION  KAREN T. CALLAHAN, ESQ.
Office of Regional Counsel
Region II
26 Federal Plaza- Room 3904
New York, NY 10278

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Janelle M. Hayes McAlpine commenced this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a decision of the Commissioner of Social Security denying her applications for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") payments based upon a determination that she was not disabled during the relevant times. Following commencement of the action, on consent of the parties, the matter was remanded to the Commissioner for further administrative proceedings pursuant to sentence six of section 405(g). Having obtained a favorable decision on remand, plaintiff now returns to the court requesting the entry of final judgment in order to allow her to pursue an award of costs and attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Defendant has advised the court that he has no objection to the relief requested.

For the reasons set forth below, I find that the relief requested is appropriate, and therefore recommend the issuance of an order dismissing this action and directing the entry of final judgment in plaintiff's

favor.

I.      BACKGROUND

Plaintiff protectively filed applications for a period of disability and DIB and for an award of SSI payments on September 8, 2005. Plaintiff's Motion (Dkt. No. 10) Exh. 1 at p. 5 (unnumbered). Those applications were denied on February 2, 2006. *Id.* Thereafter, plaintiff requested a hearing, which was held on December 13, 2007, after which Administrative Law Judge ("ALJ") J. Michael Brounoff determined that the claimant had met the requirements for disability as of August 30, 2004, but also found the plaintiff's disability had ended on November 2, 2005. *Id.* The Social Security Administration Appeals Council subsequently denied plaintiff's request that it review and vacate the ALJ's decision. *Id.*

As a result of that partially unfavorable administrative determination, on July 7, 2010, plaintiff filed this action requesting that the court review the agency's decision, issue a finding that the plaintiff is entitled to DIB and SSI payments, and remand the case to the administrative agency for further proceedings. *See generally* Complaint (Dkt. No. 1). Plaintiff's complaint also requested an award of costs and attorney's fees under the EAJA on the grounds that the Commissioner's action in this case was not

substantially justified.  *See id.* at p. 2.

On November 11, 2011, the court issued an order, on consent of the parties, remanding the matter to the agency pursuant to sentence six of section 405(g) so that further action could be taken, "including vacating the Appeals Council's denial of plaintiff's request for review and allowing Plaintiff's counsel an opportunity to submit . . . additional evidence and/or contentions. . .."  Dkt. Nos. 8 and 9.  On remand, the Appeals Council affirmed the portion of the ALJ's decision finding that the plaintiff had become disabled on August 30, 2004 and continued to be disabled through November 1, 2005, but determined that additional administrative proceedings were required regarding the period commencing November 2, 2005, and thereafter.   Accordingly, the Appeals Council vacated the ALJ's decision regarding that period and remanded the matter for further proceedings.

After conducting a further hearing and considering additional evidence, the ALJ then-assigned, John M. Lischak, issued a decision, dated June 2, 2011, finding that 1) based upon the application for a period of disability and disability insurance benefits protectively filed on September 8, 2005, the claimant has been disabled and met the insured

status requirements of the Social Security Act (the "Act"), and 2) based upon the application for SSI payments protectively filed on September 8, 2005, the claimant has been disabled under the Act since November 2, 2005. Plaintiff's Motion (Dkt. No. 10) Exh. 1 at p. 11 (unnumbered).

Having obtained a favorable administrative decision, plaintiff now seeks the entry of judgment in her favor so that she may pursue an application to recover the costs and attorney's fees incurred in bringing an action to reverse the Social Security Administration's decision to deny her benefits. Dkt. No. 10. In response, defendant has stated, "the Commissioner has no objection to plaintiff's motion subject to your Honor issuing a report and recommendation, and judgment subsequently being entered with consideration given to defendant's Fully Favorable decision dated June 2, 2011. . .." . Dkt. No. 11. The matter is now ripe for determination, and has been referred to me for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(d).

III.   DISCUSSION

At this juncture, all that plaintiff seeks is entry of final judgment, and, appropriately, has not yet requested an award of costs and attorney's

fees.  The EAJA, under which such an application presumably will be made by the plaintiff, provides, in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by the party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make the award unjust.

28 U.S.C. §2412 (d)(1) (A); *see also Sparling v. Sullivan*, 785 F. Supp. 312, 314 (N.D.N.Y. 1992).  In general, a social security claimant becomes a "prevailing party" when it is decided that he or she should be awarded benefits.  *McGill v. Sec'y of Health and Human Servs.*, 712 F.2d 28, 31-32 (2d Cir. 1983), *cert. denied*, 465 U.S. 1068, 104 S. Ct. 1420 (1984).

The EAJA further provides that an application for costs and attorney's fees must be filed with the court within thirty days of the entry of final judgment.  28 U.S.C. §2412 (d) (1) (B).  A final judgment is defined as "a judgment that is final and not appealable, and includes an order of settlement."  28 U.S.C. §2412 (d) (1)(D) (2) (G).  A judgment is considered final with the meaning of the EAJA if 1) it emanates from the court, and not an administrative agency*,* and 2) the judgment concludes the civil

action. *Sparling*, 785 F. Supp. at 314 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 95,111 S. Ct. 2157, 2162 (1991)).

Prior to the Supreme Court's decision in *Melkonyan*, it was unclear whether an administrative decision rendered following a section 405(g) remand from a district court constitutes a final judgment within the meaning of the EAJA. *See Melkonyan*, 501 U.S. at 91, 111 S. Ct. at 2159. In that case, the Court concluded that there are two types of remand contemplated under that provision; "in § 405(g) actions, remand orders must either accompany a final judgment affirming, modifying, or reversing the administrative decision in accordance with sentence four, or conform with the requirements outlined by Congress in sentence six." *Id.* at 101-102, 111 S. Ct. at 2165. In sentence six cases, the Court held, the time for filing an application for costs and attorney's fees under the EAJA "does not begin until after the postremand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs." *Id.* at 102, 111 S. Ct. at 2165; *see also Sparling*, 785 F. Supp. at 317 (discussing *Melkonyan*).

Here, the order on consent specifically stated that the remand to the

7

agency is made pursuant to sentence six of section 401(g).[1]  As a result, it did not constitute a final order, and notwithstanding remand, the court retained jurisdiction over this action with the meaning of the EAJA.[2] *Sparling*, 785 F. Supp. at 317 (citing and quoting *Sullivan v. Hudson*, 490 U.S. 877, 887-888, 109 S. Ct. 2248, 2255 (1989)).

In *LaManna v. Sec'y of Heath and Human Servs.*, 651 F. Supp. 373 (N.D.N.Y.  1987), when presented with circumstances similar to the case at bar, District Judge Mc Curn found that a stipulation remanding the action back to the Secretary for review did not dispose of the court's civil action and that "in order for there to be a final judgment, the court must enter an order dismissing the case, and such order must be entered even if a plaintiff has been awarded benefits at the administrative level after remand." *Id.* at 375 (citing *Tripodi v. Heckler*, 100 F.R.D. 736, 739

---

[1] Section 401(g), sentence six, provides, in pertinent part, that "[t]he court may, on motion to the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).

[2] The court notes that for statistical reasons the court's file was closed upon remand to the agency.  The clerk will therefore be directed to reopen the file for purposes of further proceedings necessary to conclude the matter.

(E.D.N.Y. 1984)) (other citations omitted).  "Either party may bring about the entry of an order of dismissal by making a motion with the court after the conclusion of the administrative proceedings."  *Id.* at 376.

In light of the foregoing, I have concluded that plaintiff's application is proper and should be granted.

## III.   SUMMARY AND RECOMMENDATION

The order on consent remanding the proceeding to the agency for further proceedings was made pursuant to sentence six of section 405(g), and therefore was not a final judgment within the meaning of the EAJA which would allow plaintiff to pursue an application for an award of costs and attorney's fees.  Since remand has occurred and the plaintiff has now received a fully favorable decision from the agency, her application for entry of judgment in this court is proper.

In accordance with the foregoing, it is respectfully

RECOMMENDED that plaintiff's motion, Dkt. No. 10, be GRANTED, and the clerk be directed to enter final judgment in plaintiff's favor, confirming the Commissioner's decision on remand.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections must be filed

9

with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court reopen the court's file; and it is further

ORDERED that the clerk serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: July 11, 2011
Syracuse, NY

David E. Peebles
U.S. Magistrate Judge