UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JANELLE M. HAYES McALPINE,

        Plaintiff,

v.                                                                                        5:10-CV-0817
                                                                                          (GTS/DEP)

MICHAEL J. ASTRUE, Comm'r of Soc. Sec.,

        Defendant.
_____

APPEARANCES:                                              OF COUNSEL:

OLINSKY & SHURTLIFF, LLP                                  JAYA SHURTLIFF, ESQ.
  Counsel for Plaintiff
300 South State Street, 5th Floor
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION                            KAREN T. CALLAHAN, ESQ.
OFFICE OF REGIONAL GENERAL COUNSEL
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, New York 10278

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court in this action, filed by Janelle M. Hayes McAlpine ("Plaintiff") against Social Security Commissioner Michael J. Astrue ("Defendant") pursuant to 42 U.S.C. § 405(g) seeking Social Security benefits, are (1) Plaintiff's motion for judgment in her favor, affirming Defendant's final decision on remand (Dkt. No. 10), and (2) United States Magistrate Judge David E. Peebles's Report-Recommendation, issued pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(d) of the Local Rules of Practice for this Court, recommending that Plaintiff's motion be granted (Dkt. No. 12). For the reasons set forth below,

Magistrate Judge Peebles' Report-Recommendation is accepted and adopted in its entirety; and Plaintiff's motion for a judgment in her favor is granted.

I.  **RELEVANT BACKGROUND**

    A.  **Procedural History**

Because neither party has filed an Objection to Part I of Magistrate Judge Peebles' Report-Recommendation, which sets forth the procedural background of this action, the Court adopts that part's description of this action's procedural background. (*See generally* Dkt. No. 12, at 3-5 [Report-Rec].)

On September 8, 2005, Plaintiff applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act based on physical and mental impairments which left her unable to work.[1] (Dkt. No. 10 [Decision Upon Remand of the Appeals Council ("DUR")] at "Jurisdiction and Procedural History.")[2] On February 2, 2006, Plaintiff's application was denied. (Dkt. No. 10, Attach. 1, at 5.) Plaintiff subsequently requested a hearing before an Administrative Law Judge ("ALJ"), which was held on December 13, 2007. (*Id.*) After the hearing, the ALJ issued a decision, in which he determined that Plaintiff met the requirements for disability in August 2004, but found that Plaintiff's disability ended on November 2, 2005. (*Id.*) Plaintiff appealed this decision to the Appeals Council, who

---

    [1] Plaintiff allegedly suffers from chronic neck and back pain, radicular syndrome, neck sprain/strain, post-traumatic stress disorder, depressive disorder, NOS, and agoraphobia. (Dkt. No. 10 [DUR, "Findings of Fact and Conclusions of Law"] at 4.)

    [2] "To be eligible for disability insurance benefits, a claimant must establish an 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Dixie v. Comm'r of Soc. Sec.*, 05-CV-0345, 2008 WL 2433705 at *7 (N.D.N.Y. June 12, 2008) (Mordue, J.) (citation omitted).

denied Plaintiff's request to review and vacate the ALJ's determination in a decision issued on May 14, 2010.  (*Id*.)

On July 7, 2010, Plaintiff filed this action.  (Dkt. No. 1.)  In her Complaint, Plaintiff requests that the Court review the agency's decision, issue a finding that Plaintiff is entitled to DIB and SSI payments, and remand the case to the administrative agency for a further hearing.  (*Id*.)  Plaintiff's Complaint also requests an award of costs and attorney's fees under 28 U.S.C. § 2412 of the Equal Access to Justice Act ("EAJA") on the grounds that Defendant's action in this case was not substantially justified.  (*Id*.)

On November 5, 2010, Magistrate Judge Peebles issued an Order, on consent of the parties, remanding the action to the agency pursuant to sentence six of 42 U.S.C. § 405(g) so that further action could be taken, "including vacating the Appeals Council's denial of [P]laintiff's request for review and allowing Plaintiff's counsel an opportunity to submit . . . additional evidence and/or contentions. . . ."  (Dkt. Nos. 8 and 9.)  On remand, the Appeals Council affirmed the portion of the ALJ's decision finding that Plaintiff had become disabled on August 30, 2004, and continued to be disabled through November 1, 2005, but determined that additional administrative proceedings were required to evaluate the period from November 2, 2005, and beyond.  (Dkt. No. 10, Attach. 1 at 5.)  As a result, the Appeals Council vacated the ALJ's decision regarding that period and remanded the matter for further proceedings.  (*Id*. at 5-6.)

On June 2, 2011, after conducting a hearing, the then-assigned ALJ issued a decision, in which he found that, *inter alia*, Plaintiff has been disabled since November 2, 2005, and met the insured status requirements of the Social Security Act.  (Dkt. No. 10, Attach. 1 at 11.)  This decision constitutes Defendant's final decision on remand.

3

On June 8, 2011, Plaintiff filed a letter-motion requesting that the Court enter judgment in her favor (thereby affirming Defendant's final decision on remand), which is a prerequisite to Plaintiff's counsel filing a motion for an award of attorney fees pursuant to the EAJA.

On June 15, 2011, Defendant filed a response indicating that Defendant had no objection to Plaintiff's motion for judgment subject to the issuance of a Report-Recommendation. (Dkt. No. 11.)

### B. Magistrate Judge Peebles' Report-Recommendation

On July 12, 2011, Magistrate Judge Peebles issued a Report-Recommendation recommending that Plaintiff's motion for judgment be granted, and that the Clerk of the Court be directed to enter final judgment in Plaintiff's favor, affirming Defendant's final decision on remand. (Dkt. No. 12.) Neither party has filed an Objection to the Report-Recommendation, and the time in which to do so has expired. (*See generally* Docket Sheet.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review of Magistrate Judge Peebles' Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1)(C).[3]

---

[3] On *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

When only general objections are made to a magistrate judge's report-recommendation, or where the objecting party merely reiterates the same arguments taken in its original papers submitted to the magistrate judge, the Court reviews the report-recommendation for clear error or

manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[4] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B.    Legal Standard Governing Entry of Judgment under the EAJA

In Part III of his Report-Recommendation, Magistrate Judge Peebles correctly recited the legal standard governing the entry of final judgment as a prerequisite to awarding attorney's fees under the EAJA.  (Dkt. No. 12, at Part III.)   As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

### III.   ANALYSIS

As noted above in Part I.B. of this Decision and Order, Defendant has not filed an

---

[4] *See also Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

Objection to the Report-Recommendation. As a result, and for the reasons explained above in Part II.A. of this Decision and Order, the Court need review the Report-Recommendation only for clear error. After carefully reviewing all of the papers in this action, including Magistrate Judge Peebles' Report-Recommendation, the Court concludes that Magistrate Judge Peebles' thorough Report-Recommendation is correct in all respects. (Dkt. No. 12.) Magistrate Judge Peebles employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id*.) As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein. The Court would add only that the Report-Recommendation would survive even a *de novo* review.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 12) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for a judgment in her favor (Dkt. No. 10) is **GRANTED**; and it is further

**ORDERED** that the Clerk enter final judgment in Plaintiff's favor, affirming Defendant's final decision on remand.

Dated: September 14, 2011
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge