UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JANELLE M. HAYES McALPINE,

                Plaintiff,

v.                                                                                              5:10-CV-0817
                                                                                                (GTS/DEP)

MICHAEL J. ASTRUE, Comm'r of Soc. Sec.,

                Defendant.
_____

APPEARANCES:                                                          OF COUNSEL:

OLINSKY LAW GROUP                                                HOWARD D. OLINSKY, ESQ.
   Counsel for Plaintiff
300 South State Street, 5th Floor
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION                     KAREN T. CALLAHAN, ESQ.
OFFICE OF REGIONAL GENERAL COUNSEL
   Counsel for Defendant
26 Federal Plaza, Room 3904
New York, New York 10278

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court, in this action for Social Security disability insurance and Supplemental Security Income benefits filed by Janelle M. Hayes McAlpine ("Plaintiff") against Social Security Commissioner Michael J. Astrue ("Defendant"), is Plaintiff's unopposed motion for attorney's fees and costs in the amount of $5,076.52 pursuant to 28 U.S.C. § 2412. (Dkt. No. 16.) For the reasons stated below, Plaintiff's motion is granted.

## I. RELEVANT BACKGROUND

### A. Facts and Procedural History

Familiarity with this Court's previous Decision and Order adopting the Report-Recommendation and Order of Magistrate Judge David E. Peebles is presumed. *See* Dkt. Nos. 12, 13. As directed, final judgment was entered in favor of Plaintiff on September 14, 2012. *See* Dkt. No. 14. Thereafter, Plaintiff timely filed the pending motion for attorney's fees and costs.

### B. Briefing on Plaintiff's Motion

Generally, Plaintiff argues that she is entitled to an award of attorney's fees under the Equal Access Judgment Act ("EAJA") because her application is timely, she prevailed in the underlying action securing a reversal of the Commissioner's final decision, the Commissioner's position was not substantially justified, and the amount requested is reasonable. (Dkt. No. 16-1.) Plaintiff requests a total award of $5,061.88 reflecting 29.6 hours of work, plus $14.64 in costs. (*Id*.)

Defendant does not oppose Plaintiff's motion.

## II. GOVERNING LEGAL STANDARD

The EAJA provides, in relevant part, as follows:

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in a civil action, including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). To prevail in a motion for attorney's fees under the EAJA, a plaintiff must demonstrate the following: (1) her motion is timely, (2) she is the prevailing party,

2

(3) she is eligible to receive an award, (4) an itemized statement from any attorney appearing on her behalf that illustrates the rate at which the attorney's proposed fees were computed, and (5) the position of the United States was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(B).

The amount of an attorney-fee award under the EAJA is determined by examining the amount of time expended and the attorney's rate, which is capped by statute. *Hogan v. Astrue*, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008). The Court has broad discretion in determining whether the amount of time an attorney has expended is reasonable; however, the burden to prove reasonableness is on the plaintiff. *Id.*, at 682 (citing *Aston v. Sec'y of Health and Human Svcs.*, 808 F.2d 9, 11 (2d Cir. 1986)).

In determining the appropriate amount of an award, the Court is required to rely on the specific facts of each case. *See Ferguson v. Apfel*, No. 98-CV-3728, 2000 WL 709018, at *2 (E.D.N.Y. Apr. 17, 2000), *accord*, *Coughlin v. Astrue*, No. 06-CV-0497, 2009 WL 3165744, at *2 (N.D.N.Y. Sept. 28, 2009). In addition, the Court will not compensate or penalize counsel for her expertise. *Coughlin*, 2009 WL 3165744, at *2 (citing *Lagana v. Sec'y of Dep'' of Health and Human Svcs.*, No. 90-CV-2638, 1992 WL 179215, at *4 (E.D.N.Y. July 13, 1992)). Finally, when reviewing the fee application, the Court is not required to scrutinize each action taken by an attorney, or the time spent on it, when determining what is reasonable. *See Coughlin*, 2009 WL 3165744, at *2 (citing *Hogan*, 539 F. Supp. 2d at 683).

## III. ANALYSIS

After carefully considering Plaintiff's arguments and the applicable case law, the Court awards Plaintiff $5,061.88 in attorney's fees, which reflects 29.6 hours of work, plus $14.64 in costs.

The Court only adds one brief point.

Although Plaintiff's attorney requests that any award of attorney's fees be made payable to him for his representation of Plaintiff pursuant to Plaintiff's assignment of fees, the Supreme Court has determined that, where the EAJA awards attorney's fees to "the prevailing party," it awards the fee to the litigant, not the attorney. *See Astrue v. Ratliff*, 130 S. Ct. 2521, 2526-27 (2010) ("For the reasons we have explained, the statute's plain text . . . 'awards' the fees to the litigant . . . ."). For this reason, the Court instructs Defendant to make Plaintiff the payee on the check. *See Manning v. Astrue*, 09-CV-0088, 2011 WL 684 2617, at *2 (N.D.N.Y. Dec. 29, 2011) ("[T]his Court finds that 'Ratliff states explicitly that the name on the check must be plaintiff's and not her attorney's.'") (citing *Scott*, 2011 WL 32544, at *3).

However, as other courts in this Circuit have decided, Defendant is permitted to mail the check to Plaintiff's attorney in recognition of Plaintiff's agreement to assign any award for attorney's fees to counsel. *See, e.g., Manning*, 2011 WL 6842617, at *2 ("However, as long as Plaintiff 'appears as the payee on the check, there is no reason why Defendant cannot mail that check to Plaintiff's counsel pursuant to the assignment.'") (quoting *Scott*, 2011 WL 32544, at *3) (brackets and ellipse omitted); *Guadagno v. Astrue*, 2011 WL 3902749, at *3 (W.D.N.Y. Sept. 6, 2011) ("[A]ttorney's fees awards are payable to Plaintiff . . ., however, they may be mailed to the office of Plaintiff's attorney.") (citing *Wilson v. Astrue*, 09-CV-5488, 2011 WL 1549471, at *2 (W.D.N.Y Apr. 21, 2011)).

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for attorney fees and costs (Dkt. No. 16) is **GRANTED**; and it is further

**ORDERED** that Plaintiff is awarded attorney's fees and costs in the amount of $5,076.52, and it is further

**ORDERED** that Defendant must make the award payable to Plaintiff, and Defendant is permitted to mail the award to Plaintiff's counsel.

Dated: October 18, 2012
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge